*Platt, J.,
delivered the opinion of the court.
By the 24th section of the “act to regulate highways,” (19th of March, 1813, 2 R. L. 277. 1 Rev. Stat. 52L ⅜ 100.) it is enacted, that where any roads have been used as public highways, for twenty years next preceding the 21st of March, 1797, the same shall be deemed public highways, although no record thereof has been made.
By the 36th section of the same act it is enacted, that if any person shall conceive himself aggrieved by the determination of “the commissioners of highways,” either in laying out,, altering, or discontinuing any road, it shall be lawful for such person, “within forty days thereafterf to appeal to any three of the judges of the common pleas, who shall have power to decide on such appeal.
By the act vesting further powers in the trustees of the village of Newburgh,” passed the 2d of April, 1813, the trustees are “ appointed commissioners of streets, roads, and highways, within the village of Newburghand they, or any four of them, are vested with “ exclusive power ” to lay out streets, &c., in their discretion ; and “ to shut up, divert, and discontinue” the streets, &c. And “ the village of Newburgh shall be considered as a town, for all the purposes intended by this act, and by the “act entitled an act to regulate highways,’ ” Ac. (See 1st, 2d, and 3d sections.)
Applying all these statutory provisions to the case now before us, I am of opinion, that the road in question cannot be considered as a public highway, because there is no evidence that it has ever been recorded as such ; and its use as a public highway is not sufficiently ancient to supersede the necessity of showing such record ; for the jury have found that it was not used as a public highway for twenty years next preceding the 21st of March, 1797. If this position be true, it is decisive in favor of the defendant; but if the locus in quo was a public highway, then the case shows, (and it is admitted,) that the trustees of Newburgh, who had authority for that purpose, did regularly and formally abolish and discontinue it; and this would lead us to consider the effect of the order of reversal by the judges, on the appeal.
Upon reviewing all the statutory provisions on the subject, *I incline to the opinion, that no appeal lies from the decisions of the trustees of the village to the judges of the common pleas ; anci that the judges in this case had no jurisdiction.
The act which vests the trustees with the power of laying out and discontinuing streets, &c., no where speaks of any appeal; and I think the words of that act, that the trustees “ shall have the exclusive power,” were intended to render the, corporation of that village independent of the judges, in regard *223 to the regulation of their streets. The right of appeal cannot be supported by analogy or mere implication : it must be expressly conferred, or it cannot exist. Besides, there are many con-sid< rations of policy and expediency against such a controlling power in the judges of the common pleas, as applicable to the streets of such a corporation. If, however, the judges had such appellate power, under the general highway act, that statute is peremptory that the appeal shall be within forty days alter the decision of the commissioners; and here the appeal was not till nearly three years after the decision of the trustees.
The counsel for the people urged upon the consideration of this court, the third section of the act of the 21st of February, 1817, which enacts, “ that when any roads have been used as public highways for twenty years, or more, the same shall be taken and deemed as public highways, although no record thereof has been made,” &c. But a reference to dates will furnish a decisive answer. The road in question, if it ever was a public highway, was shut up and discontinued by the trustees on the 9th of July, 1818 ; and the buildings charged as a nuisance, were erected in the fall of 1816. Now it would be absurd, as well as unjust, and cx post facto, to condemn the defendant for doing an act which was innocent at the time it was done. We cannot allow the subsequent act of the 21st of February, 1817, to have such a retrospective operation. If it was not a public highway when the defendant built his house, he was guilty of no offence ; and the subsequent statute has no application to this case.
*We are, accordingly, of opinion, that the defendant is enti-tied to judgment of acquittal.
Judgment accordingly.